Duncan, J.
There is a question attempted to be raised on this record not.necessary for-the court to give an opinion on; that is, whether a subsisting lien by judgment, at the time of alienation, continues on the lands in the hands of the assignees, though more than five years have elapsed without any proceedings on the judgment; because it is quite clear that Shaeffer, the plaintiff in the judgment, the purchaser-at sheriff’s sale, and the plaintiff in this action, never had a judgment on the sheriff’s bond, until October, 1821, and then it was. an erroneous one; for there was nothing on which to issue a scire facias in the name of Shaeffer, and Jack and Curt were purchasers from the sheriff fourteen years before. The official bond was under the act of the 5th of March, 1790, entitled, “ An act relating to the securities to be given by sheriffs and coroners.” It was an entire new system, — the security different and the mode of proceeding totally different. The former one the legislature declared was inadequate. That act first gave a recognizance to bind the lands of the officer from its caption, regulated the proceedings on that, and introduced a speedier remedy for the suitor, and one less embarrassing to the sureties on. the personal obligation. Under the act of 1713, the mode of proceeding on bonds given to the government for the discharge of official duties, either by sheriffs or coroners, was by an action in the name of the commonwealth for the penálty. Judgment was given for the penalty; — this enured to the use of all parties, aggrieved, each of whom instituted his scire facias on that judgment, and recovered his own special and particular damages for the misconduct of the officer; and so each, one, toties quoties, until the whole amount of the penalty was recovered. 'Priority of right, where the whole penalty was recovered, was obtained by priority of *429 scire facias. But the act in question gives a new and different remedy, by original action. It provides, “ that where the Commonwealth, or any individual, shall be aggrieved by any sheriff or coroner, it shall be lawful, as often as the case may require, to institute their actions of debt, on such bonds, against such securities; and, if upon suits it shall be proved what damages have been sustained, and a,verdict and judgment be therefor given, execution shall issue for so much as shall be found by the said verdict, with costs, which suits' may be instituted, and the like proceed--ings thereupon be had, as often as damage is so as aforesaid sustained; provided, that such suits against such sureties shall be instituted within seven years after the date of their several bonds.”
The argument, on the part of the plaintiff, is, that this remedy is cumulative to that of the act of 1713, and that a party has a right to proceed by the one form or the other; that an affirmative statute does not take away the common'law, much less a precedent statute. This is denied in the broad latitude assumed, and must be taken with much restriction; for from the very nature of all legislation, the last law must prevail, not only where it expressly repeals the former, but where its provisions are inconsistent with the former, though there be no annulling words.or repealing clause; for every affirmative statute is a repeal by implication of a precedent one, so far as it is contrary thereto, although there be no negative words. 4 Inst. 43. 11 Sep. 61. 2 Wils. 146. Affirmative words in a statute often have a negative operation. 1 Cranch, 174, and always have and imply a negative where the matter is clearly repugnant. But what is conclusive, is, that this purports to be, and is, a general regulation of the whole subject matter; and wherever a subsequent statute reverses, and is intended clearly as a substitute, it repeals all former acts, 1 hough there be.no words of repeal. Barlett v. King’s Executors, 12 Mass. Rep 545. Rex v. Cator, 4 Burr. 2025.
The word may is often construed as imperative; and, in a case on the very doctrine of assigning breaches, it has been considered as compulsory, before the statute of 3 W. 111, c. 11.
In debt on a penalty for the performance of covenants, the plaintiff not only had judgment to recover the penalty, but was entitled to take out execution for the whole. That statute introduced a new mode, — the assignment of breaches, — dam'ages to be assessed on the assignment of breaches. The statute was not negative, and it purported, no.t to repeal any former .law, but declared the plaintiff (i may assign his breaches, and the jury shall assess damages for the breach assigned.” The words of the statute were, may assign, may suggest. Yet this, after much discussion, was settled to be compulsory, and that it is not in his power to refuse to proceed on this new regulation; and if he proceeds otherwise, his judgment is erroneous, and a venire facias de novo will be awarded. See note 1 to Gainsford v. Griffith, 1 W. Saund. 58, and *430 note to Roberts v. Marriett, 2 Sound. 187. In The Commonwealth v. Gable, 7 Serg. & Rawle, 426, 430, the construction of the word may being compulsory was adopted, and it was there held it was frequently construed as shall in statutes; and in the cases under the statute of William referred to, where the statute enacts the doing of a thing, for the sake of justice or the public good, the word may has the same meaning as shall.
The inconsistencies between the provisions of the act of 1713 and those of the act of 1790, are numerous. In the one case, the judgment binds all the lands of the obligors, to the amount of the whole penalty recovered; in the other, only for the.amount of damages assessed, and it is only to the party who sues; in the other it is a judgment for all; in the one case'it is cautionary, to the whole amount of the penalty; in the other it is absolute for the particular damages sustained by the parly who pursues his action. In the one, it is by original action for the whole sum, and for all; but none can sue out execution until his particular damages are assessed, on a judicial writ of scire facias; in the other case, a man sues out his original writ for himself, and recovers in the suit for himself, and for.his own damages. In the one case, if judgment, is once obtained, and the judgment cautionary, a party may sue indefinitely on his scire facias; in the other, he must bring his original action against the sureties, within seven years after the date of the bond. But the argument is pregnant not only with these inconsistencies, but falls to the ground. It is, that the remedy is cautionary'for the benefit' of all the suitors; but, if it be so, that there is a cautionary judgment for the whole penalty,'then all are bound by the act of the first man who sues and obtains a judgment, iti the name óf the Commonwealth, for the penalty; for that, being a judgment for the use of all, all must follow that track. But what, if the first suit be according to the provisions of the act of 1790, and there is a recovery, to the amount of the damages sustained by one, will a suit lay at the instance of another, and there be a judgment for the whole-penalty? ■ The. incongruity would be so monstrous, the inconveniences to the sureties he so great, that this never could , have been the intention the legislature. Their intention was plain, — a substitution of this course much more simple and expeditious to the suitors, and less inconvenient and embarrassing to the sureties, for the former which had been found inadaquate. How long is this cautionary judgment to remain a lien? It would be indefinite. The intention of the legislature was, that it should be absolute and certain, and therefore within the limitation of five years. The plaintiff in error never had a judgment, good or bad, against Brandon and hi’s sureties, until 1821; he therefore had no lien on the property purchased and aliened in 1807, and the sheriff’s sale gave him no right. Something was said about •Brandon’s recognizance binding this land, and that the plaintiff, might resort to a salé on that. If he does, it must be by an action *431 on the recognizance. But the question is . on the operation of a judgment, of a judgment by this plaintiff, obtained in lS21on the bond; and it is, whether that binds lands aliened in 1807? For that is the question, if the opinion of the court be correct on the act of 1790, that it was compulsory; for the counsel of the plaintiff in error properly admitted, while they contended with-all force against that construction, that, if it prevailed, the opinion of the' Court of Common Pleas was right. The court is clearly of opinion, that this is the- true construction, and that the judgment should be affirmed.
Judgment affirmed.