TOWN OF CHARLESTON *v.* ALVAH STACY.

ORLEANS,
*March,*
1838.

An action of *asumpsit* will not lie against a collector of taxes for neglect to levy, collect, and pay over the taxes.

There is a sufficient statement of this case in the opinion of the Court.

*J. Mattocks, Maeck & Smalley,* and *E. G. Johnson,* for plaintiff, cited 1 Bl. Com. 87. *Almy* v. *Harris,* 5 Johns. Rep. 175. *Pangburn* v. *Patridge,* 7. do. 140. 10 Johns. Rep. 590. *Colden* v. *Eldred,* 15 do. 220. *Town of Charlotte* v. *Webb & Newell,* 7 Vt. Rep. 38. *Tuttle* v. *Love* 7 Johns. Rep. 470. *Thurston* v. *Sheriff* of Suffolk, 16 East, 254. *Freeman* v. *Otis,* 9 Mass. Rep. 272. 3 Stark. Ev. 1349. 1 Wendell's Rep. 534. 4 do. 675. 19 Johns. Rep. 73. 7 do. 470.

*D. Hibbard,* for defendant.

The action of assumpsit will not lie against a sheriff or other officer, for a misfeasance or nonfeasance in the execution of his official duties.

The action in such case does not arise *ex contractu,* or *quasi ex contractu,* but *ex delicto.* It arises from a neglect of an official duty in the officer, a duty which the law has enjoined upon him for the due administration of justice, the breach of which is a wrong, for which *an action on the case is the only proper remedy.* (*Walbridge* v. *Griswold,* 1 D. Chipman's Rep. 162.)

Assumpsit will not lie against the sheriff on the promise of his deputy to serve and return an execution according to law, contained in his receipt for such execution. (*Tomlinson* v. *Wheeler*, 1 Aikens' Rep. 194.

The remedy against a public officer for neglect or misbehavior may be by an action of the case, alleging his misdemeanor, or by action of debt according to the nature of the misfeasance, *but never by assumpsit*, as on an implied promise to do his duty. *Mc Millan* v. *Eastman*, 4 Mass. R. 378.

The opinion of the Court was delivered by

COLLAMER, J.—This was an action of *assumpsit* against the defendant, as collector of taxes ; alleging that certain tax bills were delivered to him for collection, which he *promised* to collect and pay over, and neglected. The second count alleged the same facts, adding, that he collected the same but neglected to pay over to the treasurer. To this there was a demurrer. In the county court judgment was rendered for the defendant, to which the plaintiffs excepted.

It is first insisted, for the defendant, that the plaintiffs cannot sustain this action, as a remedy is given by statute, that is, by a process before a justice. That is, however, merely summary and cumulative. There is a similar summary mode for the state Treasurer, who may issue his extent against a sheriff, &c. for taxes; yet, the court decided in *Treasurer* v. *Kelsey et al.* 4 Vt. R. 371, that *an action* could be sustained against the sheriff.

The action of assumpsit is an action *ex contractu*. It can be sustained only for the breach of a contract or promise, express or implied. The duty of a collector, like that of a constable, sheriff, highway surveyor or other ministerial officer, arises entirely *from the law*, and is not matter *in contract*; and for the neglect of such duty, *case* is the proper remedy. As the correct result of the authorities, Chitty in his pleadings, Vol. 1. P. 137, speaking of the action on the case, says, " it is the *only* remedy against sheriffs, justices or other officers, acting ministerially." The officer's *promise* to do his duty, does not change or increase his obligation created by law. It remains the same, and paramount to any contract. This, we think, is fully sustained by authority ; and is settled law in this state, since the case of *Walbridge et al.* v. *Griswold*, 1 D. Chip. R. 163.

ORLEANS, March, 1838.

Charleston
v.
Stacy.

When an officer has collected money on an execution, an action may be sustained against him therefor, in assumpsit, without alleging his official character or duty. This arises from the general principle, that whoever has my money, and however he may have received it, is answerable to me, in assumpsit, therefor. But this must be in assumpsit express or implied, in consideration of *having received the money*. This declaration contains no such count. The only promises alleged are on receipt of the tax bills, and cover his whole official duty. The second count alleges, indeed, that he received the money, but alleges no promise in consideration thereof.

Judgment affirmed.

REDFIELD, J., having presided in the county court, on the trial of this case, did not sit.