BALTIMORE & OHIO TELEGRAPH COMPANY V. LOVEJOY.

JURISDICTION OF J. P.: *Statutory penalty. Telegraph.*
> Justices of the peace have no jurisdiction of an action against a telegraph company for recovery of the statutory penalty for failure to deliver a message.

APPEAL from *Crawford* Circuit Court.
Hon. W. H. CATE, Judge.

*J. C. Hawthorne*, for appellant.

1. Justices of the peace have no jurisdiction in actions to enforce the collection of a statutory penalty. *Sec. 40, art. 7, Const. 1874.*

The statute under which appellee is seeking to recover

the statutory penalty of one hundred dollars, is in the nature of a police regulation, and is imposed for the violation of a public duty, and this action does not arise on the contract to transmit, but upon the statute.

The action of debt lies wherever the sum due is certain or ascertained in such a manner as to be readily reduced to a certainty, *without regard to the manner in which the obligation was incurred or is evidenced.  1 Bouvier's Law Dict.*

The question of jurisdiction was not raised by the court, or counsel, in the case of *L. R. & Ft. S. 1el. Co. v. Davis, 41 Ark., 79.*

*E. F. Brown*, for appellee.

1.  Appellant contends that "justices of the peace" have no jurisdiction to enforce the collection of a statutory penalty.

On receiving the message, and the usual charges in this case, appellant undertook to transmit the message with impartialty and good faith, under the penalty of one hundred dollars, for neglect or failure so to do, which is in the nature of an obligation arising on the contract to transmit; but should it not be so construed, a common law debt was the proper remedy, for the recovery of a penalty under a statute, by a party aggrieved, or by a common informer, where the demand was for a sum certain, or capable of being reduced to a certainty.  *Wait's Actions and Defenses, 5, 158; 1 Chitty Pld., 108; Rockwell v. Ohio, 2 Ohio, 130.*

SMITH, J.   Lovejoy recovered judgment against the telegraph company for the penalty of $100, given by section 6419, of Mansfield's Digest, for non-delivery of a message. It is now objected that the justice of the peace, before

whom the action was begun, had no jurisdiction of the subject matter.

The civil jurisdiction of justices is confined to three classes of cases : Actions arising on contract, actions of replevin, and actions for injuries to personal property. (*Const. 1874, art. 7, sec. 40.*) Unless, therefore, this is an action *ex contractu,* the objection must be sustained. Now, a relation of contract does exist beteween the sender of a message and the telegraph company. But the action to recover the statutory penalty does not arise on the contract to transmit, but on the statute which imposes the penalty for neglect of the duty which the company owes to the public. This point was determined in *Bagley v. Shoppach, 43 Ark., 375,* which was an action against an officer to enforce a forfeiture for exacting excessive fees.

We are aware that in *Katsenstein v. R. R. Co., 84 N. C., 688,* the Supreme Court of North Carolina reached an opposite conclusion. In that state the jurisdiction of justices of the peace in civil cases is limited to actions upon contracts. But it was held that an action to recover a penalty under a statute was an action upon a contract. The court seems to have been led to this conclusion by the consideration that, under the old system of pleadings, debt was the appropriate form of action to recover a penalty, and that debt was classified as an action *ex contractu.* But debt was not necessarily founded upon contract. It lay wherever the sum demanded was certain, without regard to the manner in which the obligation was incurred or is evidenced, as, for instance, on the judgment of a court of record. Hence, debt for a statutory penalty, while it was in form *ex contractu,* was in reality founded upon a tort. *Chaffee v. United States, 18 Wall., 538; Stockwell v. United States, 13 ib., 542.*

In *L. R. & Ft. S. Tel. Co. v. Davis, 41 Ark., 79,* a judg-

ment similar to the one we are now considering was affirmed, but the question of jurisdiction was not raised, and escaped the attention of the court.

The judgment is vacated and the cause dismissed.