PURCELL, Respondent, v. BOOTH, Appellant.

**Appeal — Jurisdiction — Justice Peace.**

By § 2, sub. 2, Justices' Code, the jurisdiction of justices of the peace extends " to an action  *  *  *  where the sum claimed does not exceed one hundred dollars." By § 23, a defendant's answer may contain a "counter-claim upon which an action might be brought by the defendant against the plaintiff in a justice's court." The plaintiff sued for $80; the answer of the defendant contained an admission of plaintiff's demand, and a counter-claim for $135, with a prayer for judgment for the difference, $55. The justice having sustained a demurrer to the counter-claim, entered judgment for the plaintiff, and the defendant appealed without any

statement. The district court dismissed the appeal on the grounds that the justice had no jurisdiction of the counter-claim, and the appeal had been taken on questions of law and fact. *Held,* error. Section 89, as amended, L. 1881, chap. 4, § 1, Comp. L., § 6129, provides that "any party dissatisfied with a judgment rendered in a justice's court may appeal therefrom to the district court," * * * and the notice of appeal must state whether the Appeal "is taken on questions of law or fact, or both." Section 90, as amended, L. 1879, chap. 31, § 1, Comp. L., § 6130, provides that a party appealing on questions of law alone, must have a statement of the case settled by the justice.

(Submitted and determined at the May Term, 1887.)

APPEAL from the district court, Spink county; Hon. L. K. Church, Judge.

The pleadings in the justice's court and the law with reference to appeals therefrom are stated in the head-note. There was no statement on appeal; the record consisted of the pleadings and a copy of the justice's docket entries.

The proceedings had in the district court are shown by the judgment, which is as follows:

The above case coming on to be heard, July 14, 1886, and the plaintiff objecting to the jurisdiction of the court over the counter-claim set up in the answer on the ground that the sum claimed therein exceeds the jurisdiction of the court from which the appeal is taken, and the plaintiff further objecting to the trial of the case for the reason that the appeal is taken on questions of law and fact, and a new trial demanded in the district court, whereas there has been no trial in the justice court, and the judgment therein was rendered purely on questions of law arising on the pleadings, and the court having heard the arguments of counsel for the plaintiff and defendant, and being satisfied that said objections are well taken, it is ordered that the appeal herein be and the same is hereby dismissed and the judgment of the justice in all respects affirmed. By the court, L. K. Church, Judge.

*Hassell & Myers,* for appellants.

The court erred in holding it had no jurisdiction. The defendant in his answer set up two counter-claims for $45.82 and $90 respectively, admitted plaintiff's claim, $82.70, by not denying his complaint, and prayed judgment for only $53.12 and costs. Un-

der this answer uncontradicted as the matter stood before the justice, he could not have given judgment for more than $53.12.

Appellant maintains that for a claim to exceed the jurisdiction of a justice " it must appear from the pleadings that it was possible for the justice, consistently with the pleadings, to render judgment against one of the parties in the action for more than $100." Madison v. Spitsnoble, 12 N. W. Rep. 317; City v. Drake, id. 594; Keegan v. Shingleton, 5 Wis. 115.

The language of the statute is, " where the sum claimed does not exceed one hundred dollars." Justices' Code, § 2, subd. 1; Barber v. Kenedy, 18 Minn. 218.

Heneke v. Wheeler & W. M. Co., 7 N. W. Rep. 780, cited by plaintiff, in which the balance of a large, unsettled account was in question, is inapplicable, because it was under a statute which limited the jurisdiction in actions on account to cases where the aggregate of the items of the account shall not exceed $500, and which shall have been reduced by credits to a sum which does not exceed $200. R. S. Wis. 1878, chap. 154, § 3572.

Both counter-claims set up in the answer are founded on contract, and each constitutes a claim upon which an action might have been brought by the defendant against the plaintiff in a justice's court. Justices' Code, § 23; Tuttle v. Morse, 1 Johns. Cas. 25; Holgate v. Broome, 8 Minn. 209; O'Brien v. Pomeroy, 22 id. 130; Nichols v. Rush, 3 Scam. 298; Breese, 153; 24 Ill. 114; 3 Caines Cas. 174; 29 Ill. 178.

The district court had jurisdiction, although the appeal was taken on questions of both law and fact, and a new trial demanded, even though no evidence was taken below, and the judgment rendered on questions of law arising on the pleadings.

The justice code provides for an appeal on questions of both law and fact and for a new trial in the district court if the appellant so elects. §§ 89, 90, 91. Section 96 refutes the assumption that the district court sits as an appellate court in cases where appeals are taken on questions of both law and fact, and a new trial demanded. The language is, " When the action is tried anew, upon appeal, the trial must be conducted in all respects as trials in the district court." See also Bonesteel v. Gardner, 1 Dak. 372.

*H. C.* and *T. J. Walsh,* for respondent.

The appeal was properly dismissed. 1. The justice had no jurisdiction of the subject-matter of defendant's answer and the district court could acquire none by appeal; 2. The appeal was taken on questions of law and fact and a new trial demanded when there had been no trial in the justice court, the judgment having been rendered on questions of law arising on the pleadings.

The purpose of the organic act and code was to preclude justices from having jurisdiction in cases involving the investigation of claims of a greater amount than $100. R. S. U. S. § 1926; Justices' Code, § 2, subd. 1; § 23.

A general denial of the allegations of the defendant's counter-claim would have resulted in a trial of an issue involving $135. This is not a case where the party asserting the claim beyond the jurisdiction offers to remit a portion of it. The defendant comes in and insists on satisfaction of his entire claim. He asks, it is true, affirmative relief to the extent only of $55, but claims $135 to be due him, and asks that $80 be set off against the claim of plaintiff and that he have judgment for $55 more. The claim asserted by plaintiff and that of the defendant are in no way connected. They bear no such relation as do the debit and credit items of an account where it is understood the lesser shall be considered a payment *pro tanto* of the greater. But even though these separate claims could be considered as opposite side of an account, still the court could not acquire jurisdiction, the matter of payment being a defense not proper to be pleaded by the plaintiff. The debit side of the account alone is to be considered in determining whether or not the court has jurisdiction. This rule was announced very early in Wisconsin under a statute and an organic act identical in substance with ours, except that the limit there prescribed was $50 instead of $100 as fixed here. Barker v. Baxter, 1 Pinney, 407; Woodward v. Gardner, 2 id. 28; Clark v. Cornelius, Breese, 21, 293; Wells, Jur. 101. See also Holden v. Higgins, 3 Pa. 469; Bates v. Downer, 4 Vt. 178; Stevens v. Howe, 6 id. 572.

If the appellant could not maintain an action in the justice's court on the facts set up in his answer, he cannot assert them as a

counter-claim. Justices' Code, § 23 ; Malson v. Vaughn, 23 Cal. 62 ; Maxfield v. Johnson, 30 id. 546.

The powers of the district court in such cases are appellate only, not original, and it has only the powers granted by statute. Its jurisdiction extends only to the correction of errors in the proceedings of the court below. When these errors are of fact, or of both law and fact, and the appellant demands it in his notice of appeal, he may have a new trial. This presupposes 1. That an issue of fact was raised by the pleadings below; 2. That that issue of fact was determined. It is improbable that the legislature intended to provide for an appeal on questions of fact, or of law and fact, in cases involving no questions of fact. At best the appeal in this case must be considered as an appeal on questions of law alone, and no " statement of the case " having been prepared or transmitted with the papers the appeal was properly dismissed.

The words " new trial " mean nothing unless they mean a second or further trial, and the word " trial " as used in section 91 is employed in the ordinary sense. § 285, C. C. Pro. Its use in connection with appeals on questions of fact, or of law and fact only, shows clearly that this is the signification intended. But how can there be a new trial of an issue of fact in the district court where there has been no trial in the justice court ?

By the COURT:

Reversed upon the ground that the court erred in dismissing the appeal and not entertaining jurisdiction of the case upon the pleadings and record set up by the justice of the peace. All con· cur, except Justice THOMAS, not sitting.