MERFIELD *v*. BURKETT.

Opinion delivered November 12, 1892.

*Justice of the peace—Jurisdiction—False return by constable.*

> Under sec. 40 of art. 7 of the Constitution, which gives to justices of the peace jurisdiction, in certain cases, in " matters of contract" and " in all matters of damage to personal property where the amount in controversy does not exceed the sum of one hundred dollars," *held*, where a constable was sued before a justice of the peace for a false return on execution, and for failure to make plaintiffs' debt, which exceeded the sum of one hundred dollars, out of property levied upon under the execution, the justice of the peace acquired no jurisdiction because the action was *ex delicto*, and not *ex contractu*, and because if the wrong complained of was " a damage to personal property," the amount in controversy exceeded one hundred dollars.
>
> *Semble*, that the wrong complained of was not " a damage to personal property."

Appeal from Washington Circuit Court.

JAMES M. PITTMAN,, Judge.

*E. B. Wall* for appellants.

1.   The jurisdiction of justices is defined by sec. 40, art. 7, Const. 1874, and the justice had jurisdiction. See 40 Ark. 124 ; 43 *id*. 375 ; Endlich, Int. St. sec. 535 ; Mansf. Dig. sec. 3061–6, 4128–33 ; Endlich, Int. St. sec. 157 ; Cooley, Torts, p. 629, 650–4 (ed 1880).

2.   But if the justice had no jurisdiction, the circuit court acquired none *on appeal*.   But the circuit court had original jurisdiction (43 Ark. 375), and proceeded under sec. 3964, Mansf. Dig.   No question of jurisdiction was raised (52 Ark. 318), and it is too late to raise it in this court.   Endlich, sec. 157 ; Freeman, Judg. sec. 126 ; 55 Ark. 200.

HUGHES, J.   This is an appeal from a judgment of the circuit court against the appellants for costs in a cause commenced in the court of a justice of the peace by appellants against the appellee, as constable, for making

a false return upon an execution in his hands in favor of
the appellants against one Zack Thomas, and for neglect
of duty by the constable in failing to make the plaintiffs'
debt out of property of said Thomas levied on by the
constable, the amount of the debt being, as shown by
plaintiffs' account filed with the justice, $211.75, exclusive
of interest and costs.

This was intended to be a summary proceeding under
the statute for non-feasance of the officer in not making
sale of the property he had levied upon by virtue of the
execution in his hands in favor of the appellant, and which
it appears was of sufficient value to have satisfied the
plaintiff's debt.   The question of jurisdiction is the only
question we determine in this case.   Had the justice of
the peace jurisdiction of the cause?   If he had no juris-
diction, the circuit court acquired none upon appeal from
the justice.

Justices of the peace have jurisdiction, exclusive of
the circuit court, in all matters of contract where the
amount in controversy does not exceed the sum of one
hundred dollars, excluding interest, and concurrent juris-
diction in matters of contract, where the amount in con-
troversy does not exceed the sum of three hundred dollars,
exclusive of interest, and in all matters of damage to
personal property, where the amount in controversy does
not exceed the sum of one hundred dollars.   Sec. 40, art.
7, Const.

The cause of action in this case does not arise *ex
contractu*, but *ex delicto*.   It is not based upon any
promise of the officer, or any contract, express or implied,
but upon his negligence or refusal to perform a duty
which the law imposed upon him, the breach of which is
a wrong.   *Charleston* v. *Stacy*, 10 Vt. 562; *Osborn* v.
*Bell*, 5 Denio, 370.

If this be considered an action to recover a statutory
penalty, then the justice had no jurisdiction, as held in

*Baltimore & Ohio Telegraph Co.* v. *Lovejoy*, 48 Ark. 301. If the wrong done the plaintiff could be a matter of damage to personal property (but we do not think it could), then the amount in controversy here is over one hundred dollars, and the justice could have no jurisdiction. The circuit court should have dismissed the appeal for the want of jurisdiction.

The judgment is reversed, and the cause is dismissed for the want of jurisdiction.