OPPENHEIMER, Respondent, v. REGAN, Sheriff, Appellant.

(No. 2,036.)

(Submitted December 17, 1904. Decided February 23, 1905.)

*Justice of the Peace—Jurisdiction—Limitations—Amount— Nature of Controversy—Contract—Action Against Sheriff— Appeal.*

Pleadings—Jurisdiction—Supreme Court.
1. Under Code of Civil Procedure, section 685, providing that objections, except only the objection to jurisdiction of the court, are waived if not taken by demurrer or answer, the question of jurisdiction may be raised for the first time in the supreme court.

Justices of the Peace—Jurisdiction—Appeal—District Courts.
   2.   Where a justice of the peace had no jurisdiction of the subject
   matter of an action, the district court could acquire none by appeal.
Justices of the Peace—Jurisdiction—Sheriff—Nonperformance of Duty.
   3.   Code of Civil Procedure, section 66, subdivision 1, does not clothe
   justice of the peace courts with jurisdiction to entertain an action
   brought against a sheriff for damages for nonperformance of an
   official duty and to recover a penalty imposed by law for its non-
   performance, such an action not being one arising on contract.
Justices of the Peace—Jurisdiction—Limitations.
   4.   *Quaere:* Is an action for the recovery of a sum of money which,
   with statutory penalty and interest at the legal rate, exceeds the
   statutory limit of $300, without the jurisdiction of a justice of the
   peace?

*Appeal from District Court, Silver Bow County; Wm.*
*Clancy, Judge.*

ACTION by J. E. Oppenheimer against P. H. Regan, as
sheriff of Silver Bow county. From a judgment in favor of
plaintiff, and from an order denying defendant a new trial, he
appeals. Reversed.

### STATEMENT OF THE CASE.

On June 7, 1898, J. B. Brown and I. A. Heilbronner, as co-
partners doing business under the firm name of Brown & Heil-
bronner, recovered a judgment before P. H. Burns, a justice
of the peace of Silver Bow county, against J. J. Reilly, T. B.
Flood, and Henry Canfield, copartners under the firm name of
J. J. Reilly & Co. At the institution of this action the plain-
tiffs caused an attachment to be issued and to be levied upon
all the personal property of the defendants, consisting of a stock
of liquors, bar fixtures, saloon furniture, etc. The defendant,
as sheriff, executed the writ. On the preceding day I. A. Heil-
bronner had placed in the hands of the sheriff a certified copy
of a chattel mortgage, executed to Heilbronner by Reilly and
Flood upon an undivided one-half interest in the property at-
tached, to secure the payment of promissory notes to the amount
of $500, and had directed him to foreclose it. Such proceed-
ings were had by the sheriff under this mortgage and a writ of
execution issued upon the judgment that on June 14th, he sold
the property, realizing therefrom $981.55. Out of this sum he
paid one-half, $490.77, toward the discharge of the notes and

mortgage. The remainder he applied first to the payment of. the costs of the suit, including keeper's fees, and then to the satisfaction of the Brown & Heilbronner judgment, leaving a balance of $5.98.

On June 6, 1898, the plaintiff recovered a judgment against the same defendants for $100.50 before J. M. Trapp, a justice of the peace. On the same day Dallemand & Co. (*sic*) also recovered a judgment in the same court against the same defendants for $138.50. In both of these latter cases attachments had been issued and put into the hands of T. F. Lowney, a constable, for service, but the record fails to disclose whether he made any levy thereunder. Upon the rendition of judgments, executions were issued and put in the hands of Lowney. These were both placed by him in the hands of the sheriff, the defendant, to be satisfied out of the proceeds of the sale by the sheriff, the plaintiff's execution being prior to that of Dallemand & Co. They were both returned wholly unsatisfied, except that the small balance of $5.98 left in the hands of the sheriff was applied on the plaintiff's execution. On August 23d thereafter, the plaintiff, having secured the Dallemand & Co. judgment by assignment, brought this action in the justice's court of Timothy Harrington, a justice of Silver Bow county, under section 4389 of the Political Code, to recover the amount of both judgments, with twenty-five per cent damages, and interest from June 15, 1898. A trial in that court resulted in a judgment for the plaintiff for $298.75 and costs. Thereupon defendant appealed to the district court, where another trial resulted in. a judgment for plaintiff for $239. From this judgment and an order denying him a new trial, defendant has appealed to this court.

*Messrs. Kirk & Clinton* and *Messrs. Forbis & Mattison,* for Respondent.

Plaintiff had a right to sue in justice court to recover the money which should have been applied on his judgments and executions had they been levied, or to recover a penalty or fine of any kind provided by statute against an officer for failure to

perform his duty, provided the amount sued for was within the limit of the jurisdiction of the justice court.

In receiving the money, which should have been applied upon the judgments, there is an implied contract on the sheriff's part, that he will pay the same over to them or for their use and benefit. It is upon this right that the first part of section 4389 of the Political Code is based, that they may recover the amount of their judgments. Then as penalties, the two succeeding clauses of the statute are added. It is a well-known and established rule that a party having some right of action upon which a penalty or a claim for damages is also based, may, if he sees fit, exercise his right to recover, and waive his claim of penalty, or any claim in the nature of damages, for a tort committed against him. (*Williams* v. *McCartney,* 69 Cal. 556, 11 Pac. 186; *Astell* v. *Phillipi,* 55 Cal. 265; *Wratten* v. *Wilson,* 22 Cal. 466; *C. V. Q. M. Co.* v. *Stackhouse,* 6 Cal. 413.)

Under our Code provisions as to jurisdiction of justice courts considered in connection with the statutes referred to in Political Code, there can be no doubt that the justice court has jurisdiction of this character of cases, if the amount does not exceed its limit.

Jurisdiction of actions to recover statutory penalties is generally conferred upon justices, either upon the Act creating the penalty or upon the general law fixing the jurisdiction of justices. Where there is no special provision for jurisdiction to award penalties, it is held to be included in the *general jurisdiction* of actions of debt. (18 Am. & Eng. Ency. of Law, 22; *Indianapolis R. Co.* v. *People,* 91 Ill. 452.)

The term "damages to personal property" includes all injuries sustained in respect to personal estate, whether direct or consequential. The jurisdiction of actions for injury to personal property includes actions for damages for conversion, unless the sum claimed exceeds the amount to which justice court jurisdiction is limited. (*Gallery* v. *Davis,* 35 Ill. App. 619; *Park* v. *Webb,* 48 Ark. 293; *Thompson* v. *Willard,* 66 Ark. 346, 50 S. W. 870.)

Where justices of the peace have jurisdiction over civil actions, both contract and tort, they will include jurisdiction of

actions against public officers. (*Van Vleck* v. *Burroughs*, 6 Barb. (N. Y.) 341.) A justice of the peace has jurisdiction of an action of debt against another justice, for demanding and receiving illegal fees. (*Bartolett* v. *Achey*, 38 Pa. St. 273; *Simon* v. *Kelly*, 33 Pa. St. 190.)

*Mr. Jesse B. Roote,* and *Mr. A. C. McDaniels,* for Appellant.

The defect in jurisdiction of the justice court cannot be obviated by an amendment in the appellate court, and the action should have been dismissed. It is said in the case of *Waterloo Turnpike Road Co.* v. *Cole,* 51 Cal. 381, that, "It is too clear to require argument that where want of jurisdiction appears on the face of the proceedings, as in this case, anyone injuriously affected may avail himself of the defect, even in a collateral action." (*Deer Lodge County* v. *At,* 3 Mont. 168; *Zitske* v. *Goldberg,* 38 Wis. 216; *Lykes* v. *Schwarz,* 91 Ala. 461, 8 South. 71; *Ladd* v. *Kimball,* 12 Gray, 139; *Webb* v. *Tweedie,* 30 Mo. 488; *McMeans* v. *Cameron,* 51 Iowa, 691, 49 N. W. 856; *Galley* v. *Tama County,* 40 Iowa, 49; *Sheldon* v. *Sullivan,* 45 Mich. 324.)

The statute (section 66, Code of Civil Procedure) does not give justices of the peace jurisdiction in cases arising under section 4389 of the Political Code. Where a sheriff fails to pay over money collected on execution, the action should be for a false return. (*Egery* v. *Buchanan,* 5 Cal. 54; *Johnson* v. *Gorham,* 6 Cal. 196; *Giffin* v. *Smith,* 2 Nev. 378.)

The complaint clearly shows that the plaintiff was suing under section 4389 of the Political Code. One suing under this statute must invoke it in whole, or not at all. The statute must be strictly followed. (*Williams* v. *State,* 65 Ark. 159, 46 S. W. 186; 16 Am. & Eng. Ency. of Pl. & Pr. 229 et seq.; *Bowyer* v. *Knapp,* 15 W. Va. 291; *Stewart* v. *Stewart,* 27 W. Va. 179; *Schneider* v. *Ferguson,* 77 Tex. 572, 14 S. W. 154.)

MR. CHIEF JUSTICE BRANTLY, after stating the case, delivered the opinion of the court.

Though many questions are argued in the briefs of counsel, the only one necessary to be decided arises upon the contention

of the appellant that the justice's court had no jurisdiction to entertain the action, and that, inasmuch as the jurisdiction of the district court is appellate and not original, and therefore the same as that of the justice's court, the action should have been dismissed.

It does not appear that the jurisdiction of the justice was challenged before or during the trial, but in the district court the defendant interposed a motion to dismiss on the ground that justices of the peace have no jurisdiction of actions authorized by section 4389, *supra*, and that therefore the district court had none by virtue of the appeal.    Whether or not the jurisdiction of the justice's or district court was challenged is a matter of no moment.    The question of jurisdiction may be raised at any time, and may be presented in this court for the first time in the case.    (Code of Civil Proc., sec. 685.)    If the justice's court had no jurisdiction of the subject matter of the action, the district court had none.    (*Chadwick* v. *Chadwick,* 6 Mont. 566, 13 Pac. 385; *Shea* v. *Regan et al.,* 29 Mont. 308, 74 Pac. 737.)

Section 20, Article VIII, of the Constitution, declares: "Justices' courts shall have such original jurisdiction within their respective counties as may be prescribed by law, except as in this constitution otherwise provided; *provided,* that they shall not have jurisdiction in any case where the debt, claim or value of the property involved exceeds the sum of $300." The following section (21) prescribes other limitations as to the class of cases jurisdiction in which may not be conferred by the legislature.    In pursuance of these provisions, the legislature has prescribed by law (Code of Civil Proc., sec. 66), though in general terms, the class of civil cases which these courts may try and determine. Section 66 provides: "The justices' courts have civil jurisdiction: (1) In actions arising on contract for the recovery of money only if the sum claimed does not exceed $300.  *  *  *  (4) In actions for a fine, penalty, or forfeiture, not exceeding $300, given by the statute, or the ordinance of an incorporated city, or town, where no issue is raised by the answer involving the legality of any tax, impost, assessment, toll or municipal fine."

Within the limitations prescribed by the Constitution, the legislature has power to confer jurisdiction upon justices' courts in any class of cases; but these courts, being thus constituted courts of special and limited jurisdiction, are without power to hear and determine any case when such power is not, specifically or by clear implication, conferred by the statute defining their powers.

Now, upon examination of section 66, *supra,* we find, that, if these courts have the power to hear and determine cases authorized under section 4389 of the Political Code, such power must be derived from the provisions of one of the subdivisions quoted *supra,* for the other subdivisions refer to cases undoubtedly of a different nature. The case at bar cannot fall under subdivision 4, for the very obvious reason that this provision grants authority to entertain actions for the recovery of fines, penalties or forfeitures given by statute or municipal ordinance, within the limitation of $300, but only when the right to recover such fine, penalty or forfeiture is the sole matter in controversy, and when the answer does not question the legality of any tax, impost, assessment, toll, or municipal fine. The power to entertain the action must therefore be found, if at all, in subdivision 1, and in the expression "actions arising on contracts for the recovery of money only."

Is this action one arising on contract? Section 2090 of the Civil Code defines contract to be an agreement to do or not to do a particular thing, and the following section declares that it is essential to the existence of a contract that there should be (1) capable parties, (2) their consent, (3) a lawful object, and (4) a sufficient cause or consideration. This is nothing more than the common-law definition of the term, and is manifestly intended to apply only to those obligations which arise immediately out of dealings between the parties, and not to that sort of contract which arises remotely out of the compact of government. It is only in a remote sense, by a fiction of law, that the duty of a public officer to the individual citizen may be said to rest upon the obligation of a contract, or that the contract of principal and agent may be said to exist between them. The law imposes duties upon the public officer, and the citizen

does not occupy toward him the relation of principal, so that, by virtue of the fact that, when the citizen places process in the hands of an officer, he assumes responsibility for his acts, or must pay him for the performance of his duty any other compensation than that which the law provides. Oftentimes no compensation is provided for a particular duty, yet the duty required must nevertheless be performed, and the officer may not lawfully demand compensation therefor.

The gist of this action is the recovery of damages for the nonperformance of official duty, and of the penalty imposed by the law for its nonperformance. It cannot be said, then, that the defendant owed such a special duty or obligation to the plaintiff as that, when the latter put process in his hands, there arose by implication an agreement on the part of the defendant that plaintiff's judgment should be satisfied out of any funds derived from the sale of the property belonging to the defendants named therein, without regard to the judgment and discretion of the defendant as to the duties owed to other persons occupying relatively the same position toward him. In enacting the law, the legislature evidently had in view a contract in its ordinary or proper sense, and not an agreement resting upon a fiction of law. Inasmuch as the statute (section 66) grants powers under limitations prescribed by the Constitution—which are mandatory and prohibitory—it must, for this reason, be construed as not to grant others than those which come clearly within its terms, or which are necessarily implied thereby. This rule excludes the idea of the liability arising *ex delicto,* even though, by fiction of law, it might be said in some remote sense to be a liability arising *ex contractu,* and authorizing a suit for a specific sum of money.

The meaning of the term "contract," here adopted, has been held by other courts to be obviously the correct one. (*Merfield* v. *Burkett,* 56 Ark. 592, 20 S. W. 523; *Montgomery* v. *Poorman,* 6 Watts; 384.) But, in the absence of such holdings, we should be constrained to limit its meaning to the extent indicated, without intending to infringe the rule that in some cases the officer may be held liable to action for money had and received, at the suit of the party aggrieved. In the absence of

such a provision as section 4389, the plaintiff would be compelled to resort to an action for a false return, or to some other form of action *ex delicto.*

Much was said in the argument of counsel upon the question whether this action could be maintained under the facts of this case in any event, and whether or not the plaintiff should have brought an action for a false return. Under the view we have taken of section 66, *supra,* it is not necessary to decide this question.

It will be noticed that under the prayer of the complaint the claim demanded in the two counts thereof is for the amount of the two judgments, $239, with twenty-five per cent penalty, and interest at the legal rate. The action having been brought under section 4389, the legal rate of interest is ten per cent per month. The amount of the judgment demanded, therefore, is in excess of $300; or, if the language of the prayer of the complaint be construed to demand not more than the ordinary legal rate of interest upon money loaned, which is eight per cent per annum, the amount of the judgment demanded is still in excess of $300. In either event, the claim is in excess of the statutory limit, and, though this phase of the case is only incidentally referred to in the briefs, the inquiry naturally arises whether or not, for this reason also, the action is not without the jurisdiction of the justice. In many states it is held, under statutory provisions similar to ours, that the jurisdiction of the justice is to be determined by the amount of the claim demanded, and that *remittitur* of the excess over the statutory limit after suit brought does not clothe the justice with jurisdiction to proceed with the trial of the case. This question it is not necessary to decide, inasmuch as the conclusion already reached determines the case. A very interesting discussion in this connection may be found, however, in the case of *Plunket et al.* v. *Evans,* 2 S. D. 434, 50 N. W. 961. (See, also, *Nelson* v. *Ladd et al.,* 4 S. D. 1, 54 N. W. 809; *Purcell* v. *Booth,* 6 Dak. 17, 50 N. W. 196; *Ball* v. *Biggam et al.,* 43 Kan. 327, 23 Pac. 565; *Lovejoy* v. *Woolfolk,* 105 Ga. 252, 31 S. E. 164; *Bowden et al.* v. *Taylor,* 81 Ga. 199, 6 S. E. 277; 2 Current Law, p. 653; *Knight* v. *Taylor,* 131 N. C. 84, 42 S.

E. 537; *Warder, Bushnell & Glessner Co.* v. *Raymond,* 7 S.
D. 451, 64 N. W. 525; *Kanouse* v. *Martin,* 15 How. 198, 14
L. Ed. 660; *Gordon* v. *Longest,* 16 Pet. 97, 10 L. Ed. 900;
*Shealor* v. *Superior Court,* 70 Cal. 564, 11 Pac. 653; *Bailey*
v. *Sloan,* 65 Cal. 387, 4 Pac. 349; *Everett Piano Co.* v. *Bash,*
31 Ind. App. 498, 68 N. E. 329.)

The justice's court not having jurisdiction of the action, the
result is that the district court had none, and that the judgment
and order must be reversed. It is accordingly so ordered, and
the district court is directed to dismiss the action.

*Reversed and remanded.*

Mr. Justice Milburn and Mr. Justice Holloway concur.

