## Altemose, Sheriff, etc., v. Woolbaugh et al.

*R. L. Mervine,* for plaintiff.

*F. B. Holmes,* for defendant.

THOMAS, P. J., fifty-sixth judicial district, specially presiding, February 15, 1935.—The Sheriff of Monroe County brought suit before a justice of the peace to the use of 20 individuals who had been appointed by him as deputy sheriffs to preserve the peace during certain labor strikes which had been called in his county. The defendants named in the suit were the three individuals who, for the time being, were County Commissioners of Monroe County.

Judgment was rendered against the defendant commissioners before the justice of the peace for $155, and the defendants appealed to the above court.

The plaintiff's statement of claim avers that he is the High Sheriff of Monroe County suing for the use of a number of citizens, that the use-plaintiffs were appointed special deputy sheriffs and served on October 30th and 31st during the disorder, that the compensation agreed on between the sheriff and the plaintiffs was $5 a day, amounting to $155, and the refusal of the county commissioners to pay.

The affidavit of defense admits most of the allegations of the plaintiff's statement but denies that the use-plaintiffs rendered any service and that anything is due them from the defendants. The case was tried and a verdict rendered in favor of the plaintiffs in the sum of $155.

At the trial of the cause, the defendants presented the following points:

1. Can an action be maintained against these defendants?

2. Could the County of Monroe be substituted as defendant at the trial on mere motion of the plaintiffs without service of process upon it, and against its objections?

3. Assuming that it was the duty of the sheriff to employ a sufficient number of deputies to conserve the peace, and the duty of the county to pay their statutory compensation, did the justice of the peace have jurisdiction of the action?

These points were reserved by the court, and the defendants, having moved for binding instructions, which point was also reserved, now move for judgment n. o. v. This motion is now before the court, and the three questions submitted by the defendants are the same as the points reserved in the trial of the cause. These points must be answered in favor of the defendants.

As to the first question, the language of The General County Law is identical with that of the Act of April 15, 1834, P. L. 537, sec. 5, 16 PS §1771.

The General County Law of May 2, 1929, P. L. 1278, sec. 22, provides: "Each county shall have capacity as a

body corporate to: (a) Sue and be sued by the name of the county of ————————."

Section 1031 provides: "All suits by a county shall be brought and conducted by the board of commissioners. In all suits against a county, process shall be served upon and defense made by the board of commissioners."

The Act of April 15, 1834, P. L. 537, sec. 5, provides: "All suits by a county or township, shall be brought and conducted by the commissioners or supervisors thereof respectively, and in all suits against a county or township process shall be served upon, and defence made by the commissioners or supervisors thereof, respectively."

Our Supreme Court has decided that the action must be against the county in its corporate name and not in the name of the commissioners: Wilson v. The Commissioners of Huntingdon County, 7 W. & S. 197 (1844).

As to the second question, this error could be corrected only in two ways: by the voluntary appearance of the county and its consent to an amendment to bring it upon the record, or by bringing the defendant in by writ of sci. fa. duly issued and served. The plaintiffs offered an amendment, which was allowed, but the same is ineffective as no appearance was made by the County of Monroe nor any service of process upon it.

As to the third question, it is a fundamental proposition that if the justice of the peace has no original jurisdiction the common pleas can acquire none on appeal. The jurisdiction of the justice of the peace is limited to contracts in the ordinary sense of the term and does not extend to obligations which are not made by the parties, but arise out of the compact of government. The authority of the sheriff to incur the bill and the obligation of the county to pay it are clearly matters which are not and could not be the subject of contract between the sheriff and the county, but arise out of the laws of the Commonwealth: Schaffer et al. v. McNamee, 13 S. & R. 44

(1825) ; Montgomery v. Poorman, 6 Watts 384 (1837) ; Seitzinger v. Steinberger, 12 Pa. 379 (1849).

Under the facts and the law the motion for judgment n. o. v. is allowed.

### Order

Now, to wit, February 15, 1935, the motion for judgment n. o. v. is granted and the verdict of the jury is set aside and judgment is directed to be entered in favor of the defendants.      From C. C. Shull, Stroudsburg.