### B. F. LAYTON, Respondent, *v.* JOHN M. TRAPP, Justice of the Peace, Appellant.

[Submitted Feb. 3, 1898. Decided Feb. 14 1898.]

*Justices of the Peace—Jurisdiction—Summons, Proof of Service.*

1. JUSTICE OF THE PEACE—*Jurisdiction.*—A justice's court is a court of inferior jurisdiction; and there is no legal presumption in favor of its jurisdiction.
2. SUMMONS, PROOF OF SERVICE.—When service of summons in an action pending in a justice's court is made by a person appointed by the justice under Section 1688, Code of Civil Procedure, proof of service must be made by affidavit; one so appointed is not a constable, and cannot prove service of process by a certificate of service under Section 635, Code of Civil Procedure.

*Appeal from District Court, Silver Bow County. John Lindsay, Judge.*

CERTIORARI by B. F. Layton against John M. Trapp, justice of the peace, to review judgment. The judgment was annulled, and the justice appeals. Affirmed.

Statement of the case by the justice delivering the opinion.

This is an appeal from a judgment of the District Court of Silver Bow county annulling, in a *certiorari* proceeding, a judgment rendered by a justice of the peace of Silver Bow township, in said county.

It appears from the record that one Joseph Fisher recovered judgment against the relator in this case before S. H. Almon, a justice of the peace in said township, on the 7th day of December, 1896. The summons issued by the justice, in the case in which said judgment was rendered, was served by one N. L. Almon, by appointment of the justice to serve the same.

The order of appointment was as follows : "I hereby appoint N. L. Almon a special constable at the request of ——, Plff., to serve and make return on these papers, he being a discreet person of suitable age, and not interested in this action, and I deeming it expedient.   S. H. Almon, J. P."

The return made by said N. L. Almon is as follows : "Silver Bow Township, Silver Bow County.   I do hereby certify that I received the within summons on the 1st day of Dec., A. D. 1896, and personally served the same on the 2d day of Dec., A. D. 1896, by delivering a true copy thereof to B. F. Layton, defendant, in the county of Silver Bow, State of Montana; B. F. Layton being the defendant named in said summons.   Dated this 2d day of Dec., A. D. 1896.   N. L. Almon, Constable Silver Bow County."

The service of the summons was not proved by the affidavit of N. L. Almon.

The relator did not make any appearance in the justice's court in response to the summons, and judgment was rendered against him by default.   On the 22d day of July, 1897, the relator filed his petition for a writ of review or *certiorari* in the District Court of Silver Bow county, for the purpose of having said justice's judgment annulled and vacated, on the ground that he was never legally served with summons in the justice's court.   The respondent in this case, who is the successor of the justice who rendered the judgment, made his return to the writ in the District Court; and, the cause coming on to be heard, the court entered a judgment vacating and annulling the judgment of the justice in favor of said Fisher and against the relator.   From this judgment of the District Court this appeal is prosecuted.

*D. H. Kehoe*, for Appellant.

*Booth & Cavanaugh*, for Respondent.

PEMBERTON, C. J.—The District Court held that the proof of the service of the summons issued by the justice, and returned by N. L. Almon, the person appointed by the justice

to serve the same, was not sufficient to give the justice juris-
diction to render judgment by default against the relator in
the suit of Joseph Fisher against him.

Section 1688, Code of Civil Procedure, is as follows :   "A
justice may, at the request of a party, and on being satisfied
that it is expedient, specially depute any proper person of
suitable age, and not interested in the action, to serve a sum-
mons with or without an order to arrest the defendant, or
with or without a writ of attachment or an execution.   The
justice shall be liable on his official bond for all official acts of
the person so deputed.   Such deputation shall be in writing
made on the process, and a note thereof made in the justice's
docket."

Section 1510 of the same code provides that service of sum-
mons in justice's court may be made "by any male resident,
over the age of twenty-one years, not a party to the suit,
within the county where the action is brought, and must be
served and returned as provided in Title 5, Part 2 of this
Code."

Section 635, Title 5, Part 2, same code, provides that when
summons is served by any other than the sheriff "it must be
returned to the same place, with an affidavit of such person of
its service."

Counsel for appellant contends that sections 1510 and 635,
*supra*, do not apply in this case; his contention being that a
person appointed by a justice of the peace to serve a summons,
under the authority of Section 1688, *supra*, need not make
proof of such service by his affidavit, in order to give the
justice jurisdiction.

This is a question of jurisdiction.   If there was no legal
service of summons on the relator in the suit before the just-
ice, and no appearance by the relator, then it will not be dis-
puted that the judgment by default rendered in the case was
void.

The justice's court is a court of inferior jurisdiction, and
there are no legal presumptions in favor of its jurisdiction.
Its jurisdiction must affirmatively appear upon the face of the

record. Proper proof of the service of the summons by a person other than an officer is a condition precedent to the rendition of a judgment by default, and without such proof the court has no jurisdiction. (*King* v. *Randlett*, 33 Cal. 318; *Jolley* v. *Foltz*, 34 Cal. 321; *Barney* v. *Vigoureaux*, 75 Cal. 376, 17 Pac. 433.)

The appointment of a private person to serve a summons by a justice does not make such person a constable. He is all the time he is acting a private person, and, being such, the service of the summons should be proved by his affidavit. The service of process by an officer is proved by his official certificate. But the officer has given an official bond and taken an official oath; a private person is not obligated by either bond or oath.

In *Coffee* v. *Gates*, 28 Ark. 43, speaking of the service of summons by private persons, the court said: "This law is a departure from the former practice acts, wherein it confers upon the sheriff authority to cause an unofficial citizen to execute process of the court, and it cannot be presumed that the legislature ever intended that the service of a summons should be binding if the party who made such service was bound by neither oath nor bond for the correctness of his return. (*McMillan* v. *Reynolds*, 11 Cal. 378; *Fatheree* v. *Long*, 5 How. (Miss.) 664; *Eskridge* v. *Jones*, 1 Smedes & M. 595; *Ditch* v. *Edwards*, 1 Scam. 127.) In *Gadsby* v. *Stimer*, 79 Mich. 260, 44 N. W. 606, a similar case to the one at bar, the court said: "No one can be allowed to fill the room of a public officer, except under the statutory conditions; and it is a general legal rule that exceptional authority must always be shown in some responsible way. There can be no absolute presumption that a process server appointed by a justice is legally appointed, without some showing of the necessary facts."

Passing the question as to whether the appointment of the justice was sufficient, in its terms, to authorize a private person to serve a summons, we are clearly of the opinion that it was absolutely essential that service of the summons by such

private person should have been proved by the affidavit of the person making the service, in order to give the justice jurisdiction to render judgment by default in the case.

And the authorities not only hold that the service should be proved by the affidavit of the person making it, but that the service is void, and confers no jurisdiction to render judgment by default in such cases, unless it appears by the affidavit that the party serving the summons was of the prescribed statutory age at the time of the service. (*Doerfler* v. *Schmidt*, 64 Cal. 265, 30 Pac. 816; *Horton* v. *Gallardo*, 88 Cal. 581, 26 Pac. 375.)

We think the District Court rightly held that there was no proof of service of summons in the case before the justice, and that the judgment by default rendered by him in the case was void for want of jurisdiction.

The judgment appealed from is affirmed.

*Affirmed.*

PIGOTT, J., concurs.   HUNT, J., not sitting.