## McCAULEY, Respondent, v. JONES, Appellant.

(No. 2,344.)

(Submitted January 12, 1907.   Decided January 28, 1907.)·

(88 Pac. 572.)

*Justices of the Peace—Appeal—Dismissal—District Courts—
Abuse of Discretion.*

Justices of the Peace—Appeal—Dismissal—Abuse of Discretion.
  1.  Where the dismissal of an appeal from a justice's court was
  asked on the grounds, that the justice had stricken the notice of ap-
  peal from his files and that the same had never been refiled, that the
  sureties on the undertaking had never justified, and that the appellant
  had been guilty of laches in filing certain papers in the district
  court, the court, if it granted such motion upon the grounds alleged,
  was guilty of abuse of its discretion, where it was apparent that
  the conditions complained of were brought about by practices of the
  moving party's attorney not to be approved of.
Same—Notice of Appeal—Filing After Service—Result.
  2.  The filing of a notice of appeal from a justice's court after its
  service is ground for the dismissal of the appeal by the district court.
Same—Notice of Appeal—Filing After Service—Dismissal of Appeal.
  3.  That the notice of appeal from a justice of the peace court to
  the district court was served before filing, may be urged as a ground
  for dismissal of the appeal in the supreme court, though such point was
  not raised in the district court.
Same—Appeal—Dismissal—Correct Decision—Reason for Decision   Imma-
  terial.
  4.  If the district court's action in dismissing an appeal from a jus-
  tice's court was correct, its reasons for doing so are. immaterial.

*Appeal from District Court, Silver Bow County; John B.
McClernan, Judge.*

Action by Jefferson McCauley against David Jones.   From a
judgment in favor of plaintiff, defendant appeals.   Affirmed.

*Mr. Jesse B. Roote, Mr. John G. Brown, Mr. Peter Breen,* and
*Mr. Jeremiah J. Lynch,* for Appellant.

*Messrs. Maury & Hogevoll,* for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

This case was begun on April 20, 1905, before A. H. Gillett, a justice of the peace of Silver Bow county, by filing a complaint which is as follows: ''The plaintiff complains and alleges: That on or about the tenth day of April, 1905, in the county of Silver Bow, state of Montana, the said defendants (David Jones, the appellant here, and W. D. Clark) imprisoned the said plaintiff for five hours without probable cause. That said acts were done willfully and maliciously with the intent to humiliate and disgrace this plaintiff in the presence of his comrades and in the opinion of his associates. That plaintiff was damaged by reason of the premises in the sum of three hundred ($300.00) dollars,'' for which he demands judgment.

On April 26, 1905, the appellant here filed a demurrer to the complaint, wherein he urged, *inter alia,* that the justice of the peace had no jurisdiction of the subject of the action. The justice's docket shows that the demurrer was overruled on May 23d, but the affidavit of John G. Brown, who was defendant's attorney, alleges that the order overruling the demurrer was made on May 3d. On May 3d defendant filed his answer, consisting of a general denial. After overruling the demurrer the justice of the peace taxed $10 costs against the defendant on account of the demurrer being overruled, and June 21, 1905, said amount with accruing costs was collected by execution against the defendant. On July 3d the action was dismissed by stipulation as to the defendant Clark. On July 11th the case was set for trial on July 18th at 8:30 A. M. On July 18th, at 8:30 A. M., according to the docket, plaintiff appeared by his attorneys, the defendant did not appear for one hour afterward, and at 9:30 A. M. a witness was sworn for plaintiff, and judgment entered against defendant for $300 and costs. On July 19th defendant served, and on July 20th filed, his notice of appeal from said judgment, and on July 22d his undertaking on appeal, executed by Patrick Peoples and Wm. D. Clark.

It appears that on July 17th the defendant filed in the district court of Silver Bow county his verified petition for a writ of review of the actions of the justice of the peace in said cause, alleging therein certain matters from which he concludes that said justice of the peace had exceeded his jurisdiction, and on the same day the district court issued a writ of review directed to said justice of the peace, commanding him to certify the records and papers in the case to the district court, and concluding as follows: "You are further commanded that, in the meantime, and during the pendency of this proceeding, and until further ordered by this court to desist, restrain [refrain] and stop from further acting or proceeding or attempting to proceed in the said actions to be reviewed." The writ was served on the justice of the peace on July 18th, but whether before or after he entered judgment it is impossible from the record to determine.

On July 25th plaintiff filed in the justice's court a motion to strike from the files defendant's notice and undertaking on appeal, which notice is as follows: "Now comes the plaintiff in the above-entitled suit and moves the court to strike from the file a certain notice of appeal and undertaking, filed in this court in this case, on the grounds and for the reason that the same was filed inadvertently by the said justice of the peace and contrary to, and against, a certain order issued out of the district court of the second judicial district of the state of Montana, in and for the county of Silver Bow, the said order forbidding any further proceeding in this court by the said justice." This is undoubtedly the motion referred to by the justice of the peace in his docket, and was granted by him on July 25, 1905.

On July 26th defendant obtained from the district court an order modifying the restraining order contained in the writ of review, so as to allow the appeal papers to be filed and ordering the justice of the peace to file the same. The indorsements on the undertaking on appeal show that the same was again filed in the justice court on July 26th. On July 27, 1905, plaintiff objected to the sufficiency of the sureties on the undertaking on appeal, and demanded that they justify. On July 31st the de-

fendant's attorney served notice that the sureties would justify before the justice of the peace at 7 o'clock that evening. Both sides agree that the sureties appeared before the justice of the peace pursuant to notice and were sworn in presence of plaintiff's counsel.

Upon motion subsequently made in the district court to dismiss the appeal, John G. Brown, Esq., attorney for defendant, made affidavit as follows: "That thereupon this affiant asked said Clark if he was one of the sureties whose names were subscribed to the undertaking on appeal, * * * and, before he could reply, H. L. Maury, one of the attorneys for the said plaintiff, arose and suggested to the said justice that he was restrained from proceeding in the said action by reason of the said writ of review, and that, by reason of the said writ of review, and his attempt to further proceed, he might lay himself liable to contempt proceedings, instigated on the part of this affiant, and further argued that the said justice had no jurisdiction to further proceed in the justification of the said sureties; that this affiant thereupon asked that he be allowed to proceed to justify the said sureties, and the said two sureties announced themselves as ready and willing, at that time and place, to justify; * * * that this affiant requested Maury & Hogevoll (plaintiff's attorneys) to question the sureties as to their qualifications to act as sureties on the said undertaking, which the said Maury & Hogevoll refused to do, and the said justice's court and A. H. Gillett, as justice thereof, thereupon declined to further proceed with the justification of the said sureties, stating, as his reasons therefor, that he was restrained by the said writ of review * * * and that he would, therefore, refuse to further hear anything in regard to their justification; that this affiant thereupon asked him if he would allow them to justify, and he replied that he would not; that this affiant asked that some other time be named when the said justice would hear the said justification, and the said justice refused to name any other time, and announced that he would have nothing further to do with the matter." Clark and Peoples each made affidavit that

he was present, ready and willing to justify, but that, at Maury's suggestion, the justice of the peace refused to permit him to testify. H. L. Maury made a counter-affidavit for the plaintiff, in which he says: "That at the hearing there was no motion at all made by Maury or by Hogevoll, but when said Maury announced his fear of joining in the justification proceedings the justice took fright also."

On September 11th plaintiff served his notice that, unless the appeal papers were filed in the district court within ten days, he would move to dismiss the appeal on the ground of laches. On September 22d the justice of the peace filed the papers on appeal in the office of the clerk of the district court, and on January 31, 1906, the plaintiff filed his motion to dismiss the appeal in words and figures as follows: "Now comes the plaintiff above named and respectfully moves this honorable court to dismiss the attempted appeal of the defendant herein, on the ground and for the reason that:

"(1) The defendant caused to be filed his notice of appeal in defiance of, and contrary to, an order which he himself had obtained from the district court of the second judicial district of the state of Montana, in and for the county of Silver Bow, and for the further reason that the justice of the peace, having inadvertently filed the said notice of appeal at the request of defendant in contempt of the order which defendant had obtained, struck the same from the files, and no other notice of appeal was ever filed.

"(2) For the reason that, as appears from the records and files of said case, within five days after the filing of the undertaking on appeal, the plaintiff objected the (and?) excepted to the sufficiency of the sureties on the said undertaking, and neither of said sureties ever justified to the justice of the peace on notice, or otherwise.

"(3) A judgment was made and entered in the lower court as appears from the transcript, on the eighteenth day of July, 1905, and no transcript was filed in the district court until sixty-five days later, to-wit, September 22, 1905, and the defendant

and appellant has hereby been guilty of laches, and his right to appeal became stale.''

On February 12, 1906, the district court made an order dismissing the appeal from the justice of the peace court, and on April 25, 1906, entered a formal judgment dismissing said appeal at appellant's costs, from which judgment the defendant has perfected his appeal to this court.

The motion to dismiss the appeal from the justice of the peace court advances three reasons why the same should be dismissed, in effect, as follows: (1) Because the justice of the peace had struck the notice of appeal from the files and it had never been refiled; (2) because the sureties on the undertaking had failed to justify; and (3) because the appellant had been guilty of laches in getting the papers filed in the district court.

A careful study of the facts in this case, as disclosed by the transcript, leads this court to the conclusion that the plaintiff himself, through his attorneys, was responsible for the conditions that obtained after the entry of judgment in the justice of the peace court, which were made the basis of the motion to dismiss the appeal. If no other questions were involved than those embodied in the motion, we should have no hesitancy in remanding the case to the district court with directions to reinstate the appeal, as we cannot give our approval to the practices indulged in by plaintiff's counsel in the justice of the peace court, and are of opinion the district court abused its discretion in giving countenance to such actions and dismissing the appeal, if it did so, for the reasons advanced in the motion.

The respondent in his brief, however, raises the point that the action of the district court must be affirmed, because the record shows that the notice of appeal was filed in the justice of the peace court subsequent to the service thereof. The notice was dated July 18th, served July 19th, and filed July 20th. The case is in all respects like the case of *State ex rel. Hall* v. *District Court*, 34 Mont. 112, 85 Pac. 872, decided by this court April 11, 1906. It is true that no such reason was urged in the district court, so far as the record discloses, but, as the ques-

tion involves the jurisdiction of the district court to entertain the appeal, it may be raised at any time. (*Oppenheimer* v. *Regan*, 32 Mont. 110, 79 Pac. 695; Code Civ. Proc., sec. 685.) If the action of the district court was right, it must be affirmed. The reason for its action is immaterial if the act of dismissal was proper. (*Rosenbaum* v. *Ryan Bros. Cattle Co.*, 33 Mont. 424, 84 Pac. 1120; *Porter* v. *Plymouth Gold Min. Co.*, 29 Mont. 347, 101 Am. St. Rep. 569, 74 Pac. 938.)

The judgment of the district court in dismissing the appeal from the justice of the peace court is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY, concur.