JENKINS, Respondent, *v.* CARROLL, Appellant.

(No. 2,884.)

(Submitted November 15, 1910.   Decided December 6, 1910.)

[112 Pac. 1064.]

*Appeal and Error—Notice of Appeal—Service on "Adverse Party"—Judgment—Direct and Collateral Attack—Jurisdiction—Waiver.*

Notice of Appeal—Service on "Adverse Parties."

1.   An adverse party, within the meaning of section 7100, Revised Codes, which requires the notice of appeal to be served upon the "adverse party," is one who is shown by the record to have an interest in opposing the object sought to be accomplished by the appeal.

Same.

2.   A person to whom, subsequent to the commencement of mortgage foreclosure proceedings, one of the defendants had by bargain and sale deed transferred an interest in the real property theretofore acquired at an execution sale, but who had not thereafter been made a party defendant by substitution or otherwise, was not a party to the record, and therefore not an "adverse party" upon whom service of notice of appeal was necessary.

Same.

3.   After real property had been sold to satisfy a judgment for wages due and a sheriff's certificate issued to the purchaser, the owner mortgaged the premises and, upon subsequent foreclosure proceedings, defaulted.  A separate decree was entered against her, the cause proceeding to trial as against her codefendant, the holder of a sheriff's deed subsequently issued, and resulting in favor of the mortgagee. *Held,* that the original owner was, under the circumstances, not an "adverse party" upon whom service of notice of appeal was necessary to give the appellate court jurisdiction.

Judgment—Collateral and Direct Attack.

4.   Where the main purpose of an action was to have a judgment set aside which operated as an obstruction to the sale of mortgaged property under a foreclosure decree, the complaint assailing such judgment on the ground that it was void *ab initio* for want of jurisdiction of both the subject matter and the parties in the court rendering it, the attack was direct and not collateral; therefore, all the proceedings by means of which jurisdiction was sought to be conferred were properly admitted in evidence.

Same—Jurisdiction—Appeal from Justice's Court—Presumptions.

5.   As in the case of a judgment pronounced by a justice's court, so in that of one rendered by the district court on appeal from that court, no presumption attaches in favor of such judgment until it affirmatively appears from the proceedings that it had jurisdiction to render it.

Notice of Appeal—Waiver—Jurisdiction.

6.   The notice of appeal from a justice's to the district court answers the purpose of a summons, and service thereof may be waived by a general appearance of the adverse party and submission to a trial

and judgment; but the parties can in no case waive jurisdiction of the subject matter or confer it by consent.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by Mary Jenkins against Carrie May Carroll. Judgment for plaintiff, and defendant appeals from it and an order denying her a new trial. Reversed and remanded.

*Mr. Chas. O'Donnell,* and *Mr. W. E. Carroll,* in behalf of Appellant, submitted a brief, and *Mr. O'Donnell* argued the cause orally.

In behalf of Respondent, *Messrs. Nolan & Donovan, Messrs. Breen & Hogevoll,* and *Mr. A. B. Melzner* filed a brief. *Mr. Louis P. Donovan* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action by the respondent for foreclosure of a mortgage and to obtain equitable relief in aid thereof. On May 28, 1900, the defendant Celia Davison and her husband, Allen Davison, executed and delivered to the respondent their promissory note for the sum of $1,500, due one year after date and stipulating for the payment of interest monthly at the rate of one per cent per month. To secure the payment of the note and interest and also such taxes, insurance, etc., as the respondent might be compelled to pay in order to preserve and protect the property, the Davisons executed and delivered to the respondent a mortgage upon lot 6 in block 6 of the Leggat & Foster addition to the city of Butte. The property was owned by Celia Davison. Allen Davison is now dead. Prior to this transaction, and on January 19, 1899, Celia Davison commenced an action in a justice's court in Silver Bow county, against one James Dougherty to recover judgment for the sum of $65 alleged to be due on account for board, together with interest. As a defense, Dougherty interposed a counterclaim for money due on account of labor performed at

the instance and request of plaintiff. The result was a judgment in favor of plaintiff for $76.30. Dougherty thereupon took his appeal to the district court. Before any proceedings were had in the cause in the district court, the plaintiff, upon notice to Dougherty's counsel, made special appearance and moved for a dismissal of the appeal. The motion was denied. A trial upon the merits, had on December 19, 1899, the plaintiff appearing by counsel, resulted in a judgment in defendant's favor for $46.80. On January 27, 1900, the sheriff of Silver Bow county, having levied upon the property described in the mortgage under an execution issued upon this judgment, sold it at public auction to W. E. Carroll for the sum of $63.80 and issued to him the usual certificate of sale, which was duly filed with the clerk of Silver Bow county. On January 29, 1901, no redemption having been made, the sheriff executed to Carroll a deed. Thereafter the appellant, Carrie May Carroll, by mesne conveyances became the owner of such interest as W. E. Carroll acquired under the execution sale and his sheriff's deed. The complaint contains allegations sufficient to warrant a decree in foreclosure as against Celia Davison. As ground for relief against the appellant, the complaint, after setting out in detail the proceedings in the justice's and district courts resulting in the judgment in the case of *Davison* v. *Dougherty,* alleges that the judgment of the district court in favor of Dougherty and all of the proceedings thereunder were void, because that court was without jurisdiction to entertain the appeal, and to render judgment on the merits. The specific allegations upon which this conclusion is based are the following:

"(7) That at the time the said (copy of) notice of appeal was served upon the attorney of Celia Davison, to-wit, the twenty-fourth day of January, 1899, the said notice of appeal was not filed with said justice of the peace above named. That the said notice of appeal was not filed with said justice of the peace until the twenty-fifth day of January, 1899, and that no (copy of) notice of appeal was ever served upon the said Celia Davison, or her attorney, on the said twenty-fifth day of January or subse-

quent thereto; and that the said failure to serve said notice of
appeal in the manner provided by law appeared at all times from
the records and papers in said cause.

" (8) That on the twenty-fifth day of January, 1899, the said
James Dougherty filed in the said justice court his undertaking
on appeal in the said action, entitled *Celia Davison, Plaintiff*, v.
*James Dougherty, Defendant,* which said undertaking was exe-
cuted by Phil. J. Murphy and John J. Quinn, as sureties, and
conditioned as by law required, and that on the twenty-eighth
day of January, 1899, the said Celia Davison, plaintiff in the said
cause, duly excepted to the sufficiency of the said sureties upon
the said undertaking, filed in the said action, and did duly serve
upon the said William E. Carroll and file with the said justice
of the peace his [her?] exceptions to the sufficiency of said sure-
ties.

" (9) That on the eighteenth day of February, 1899, the said
James Dougherty, defendant in said action, filed in the said jus-
tice court in the said action another undertaking on appeal, exe-
cuted by Charles Schatzlein and William Harrison, as sureties,
and conditioned as by law required.

" (10) That the plaintiff is informed and believes that none
of the said parties named as sureties in said undertakings ever
justified, and that no notice was ever given that they or any of
them would justify, and that Celia Davison never waived justi-
fication of the sureties upon said undertakings on appeal or either
of them."

The defendant, Celia Davison, suffered default to be entered
against her; and on December 8, 1908, the court, after hearing
the respondent's evidence, rendered and caused to be entered a de-
cree in foreclosure against her—directing the sale of her interest
in the property, whatever it might be. The court allowed the
action to proceed as to the appellant. In her answer, the appel-
lant, besides relying upon various provisions of the statute of
limitations as a bar to the action against her, alleges that the
respondent had full knowledge of the condition of the title of
Celia Davison at the time she accepted her mortgage and put it

upon record, and that at that time she knew that W. E. Carroll had a prior lien thereon by virtue of his purchase at the sheriff's sale and the certificate issued to him in pursuance thereof. She then deraigns her title by various mesne conveyances to herself, and alleges that she paid full consideration for the property, without knowledge of any claim of respondent thereto. She denies that there was any error or irregularity in the proceedings in the case of *Davison* v. *Dougherty,* by reason of which the district court was without jurisdiction to render the final judgment therein. At the trial had on June 9, 1909, it was tacitly assumed that all proceedings had under the execution issued upon the judgment resulting in the deed to W. E. Carroll were regular. The contention was that the district court was without jurisdiction to try the case of *Davison* v. *Dougherty* and to render judgment therein, because it appeared that Dougherty, in taking his appeal to the district court, had served a copy of his notice of appeal upon the plaintiff before filing the original with the justice, instead of filing before serving, and because the sureties on the undertaking had failed to justify upon notice as required by the statute. On December 9, 1909, the court, having had the case under advisement until that time, made and filed its findings of fact that the allegations contained in paragraph 7 of the complaint were true, but that those contained in paragraphs 8, 9, and 10 were not true, and rendered and caused to be entered a decree declaring appellant without title or interest in the property. No finding was made disposing of the plea of the statute of limitations. The appeals are from this decree and from an order denying appellant's motion for a new trial. When the record was filed in this court, the respondent filed her motion to dismiss the appeals upon the ground that two of the adverse parties, Tobias Frederickson and Celia Davison, had not been served with notice of the appeals, and because it appeared from the record that the appellant is not an aggrieved party. Disposition of the motion was reserved until the hearing on the merits.

1. *On the motion to dismiss the appeals.* Neither Frederickson nor Celia Davison was served with the notice of intention or

of the appeals.    It appears that subsequent to the commencement
of the action the appellant, by bargain and sale deed, conveyed
her interest in the property to Frederickson; Frederickson, how-
ever, was not made a party defendant by substitution or other-
wise.    An "adverse party," within the meaning of the statute
(Revised Codes, sec. 7100), is one "who has an interest in
opposing the object sought to be accomplished by the appeal."
(*Power & Bro.* v. *Murphy,* 26 Mont. 387, 68 Pac. 411; *Merk* v.
*Bowery Min. Co.,* 31 Mont. 298, 78 Pac. 519; *Anderson* v. *Red
Metal Min. Co.,* 36 Mont. 312, 93 Pac. 44; *Cummings* v. *Reins
Copper Co.,* 40 Mont. 599, 107 Pac. 904.)    In *Harper* v. *Hildreth,*
99 Cal. 265, 33 Pac. 1103, it was said: "Whether a party to the
action is 'adverse' to the appellant must be determined by their
relative position on the record and the averments in their plead-
ings, rather than from the manner in which they may manifest
their wishes at the trial, or from any presumption to be drawn
from their relation to each other, or to the subject matter of
the action in matters outside of the action.    *   *   *   If his
[the party's] position on the record makes him nominally ad-
verse, he must be so considered for the purpose of an appeal from
the judgment thereon."    Frederickson, not being a party to the
record, is not an adverse party.    It was therefore not necessary
to serve him with either notice.

Is Celia Davison, upon this record, an adverse party?    If the
whole case had been heard at one time and a single decree had
been entered adjudging the rights of all the parties, we should
say that she is.    The case of *Power & Bro.* v. *Murphy, supra,* cited
in support of the motion, would be directly in point.    That case,
like this, was an action to foreclose a mortgage.    The defendant
mortgagors, Patterson and wife, defaulted.    A trial upon the
issues presented by the other defendants, Murphy and Chipman,
resulted in a decree adjudging that the lien claimed by them
was inferior to that of plaintiff upon a part of the mortgaged
land, but that they had a superior lien upon the remainder.    Ap-
peals by Murphy and Chipman to this court, by which they
sought to have their lien declared superior to that of plaintiff,

were dismissed on the ground that notice thereof had not been served upon the Pattersons. Patterson, the husband, was held to be an adverse party, because the effect of a reversal or modification of the decree would be to release a part of Patterson's property from the prior lien of the plaintiff as declared by the decree, "thereby diminishing the fund to arise from the decretal sale, and tending to increase the amount of any deficiency judgment that might be rendered against Patterson." Here, however, we find two separate decrees, one entered on default against Celia Davison, to which the appellant was not a party, and another, about a year afterward, to which, though it incidentally affects her right, Celia Davison was not a party. In their treatment of the case, the court and counsel for respondent proceeded upon the theory that a separate decree against Celia Davison was proper under the statute (Revised Codes, sec. 6712). In our opinion, this course resulted in a complete severance of the action as against Celia Davison and appellant as codefendants, and put the latter in the same position in which she would have been had a separate action been brought against her to set aside her claim under the sheriff's deed, and thus to remove an obstruction in the way of the satisfaction of a foreclosure decree obtained theretofore in an independent action. If this be the correct view, and we think it is, upon the entry of the foreclosure decree against her, Celia Davison passed out of the action as a codefendant with appellant and was not a party to the record made thereafter, within the rule of the cases cited, *supra,* so that upon proceedings upon motion for a new trial and appeal she should be regarded as an adverse party. She could not move for a new trial to have the second decree vacated, nor could she appeal from it. Whether she should have been regarded as a necessary or proper party to the action as against the appellant we do not decide.

The last ground of the motion, that appellant is not aggrieved by the decree against her, deserves no further notice than the statement that if this is so, then no defendant in any case who is adjudged to be without right is an aggrieved party.

2. *On the merits.* At the trial, the court admitted in evidence, over objection of appellant, the files in the cause of *Davison* v. *Dougherty,* transmitted by the justice to the clerk, and also the proceedings had in the case in the district court. The copy of the justice's docket recites that the trial was had and judgment rendered by him on January 18, 1899; that the notice of appeal was filed with the justice on January 25; that an undertaking on appeal was filed January 25; that on January 28 the plaintiff filed with the justice her exceptions to the sufficiency of the sureties, and that on February 18 the defendant filed another undertaking with different sureties. Why the filing of this undertaking was deferred to this date, and whether the sureties thereon justified before the justice after notice to the plaintiff, does not appear. On February 24 the justice transmitted the files in the case to the clerk, consisting of a transcript of his docket, an undertaking, and twelve other papers. What the date of this undertaking was, or when it was filed with the justice, does not appear. The notice of appeal shows an admission of service by plaintiff's counsel on January 24. From the proceedings in the district court, it appears that on June 12 the plaintiff appeared specially and moved to dismiss the appeal, on the ground that it had not been taken as provided by the statute; that after several postponements the motion was denied on July 1, 1899, and that a trial had on December 19, 1899, both plaintiff and defendant appearing and taking part, resulted in the judgment in favor of Dougherty, as already stated. No question is made by appellant as to the sufficiency of the evidence to sustain the findings.

In their brief, counsel, after asserting that the attack upon the judgment in the case of *Davison* v. *Dougherty* is collateral, argue that the court erred in admitting the evidence referred to above. They make the contention, also, that the conclusion reached by the court that the judgment in question was void is erroneous. There is no merit in the first contention. The complaint assails the judgment directly, alleging that it was void *ab initio* for want of jurisdiction by the district court, both of the subject matter

and the parties, to entertain the appeal and to render the judgment, on the grounds (1) that the plaintiff was not served with a copy of the notice after the original had been filed with the justice, and (2) that the defendant failed to have the sureties on his undertaking justify after notice of plaintiff's exceptions to their sufficiency, or to have other sureties justify before the justice or the judge of the district court, upon notice to plaintiff within five days, as provided by the statute (Revised Codes, sec. 7124).

The very purpose of the action was to have set aside a judgment which operated as an obstruction to the sale of the mortgaged property under the foreclosure decree. To this character of case, the rule declared in *Haupt* v. *Simington,* 27 Mont. 480, 94 Am. St. Rep. 839, 71 Pac. 672, and in *Burke* v. *Interstate S. & L. Assn.,* 25 Mont. 315, 87 Am. St. Rep. 416, 64 Pac. 879, cited by counsel, has no application. In the former case the judgment was not assailed by the pleadings in any way. It was sought merely by way of defense, to show that the defendant had not been served with summons; and hence, that the judgment was void because the court was without jurisdiction. In the latter case, it was sought in the same way to impeach a judgment upon which defendant rested his claim of title to the property in controversy. In each case this court held that the attack was collateral, and that the validity of the judgment must be determined by an inspection of the judgment-roll alone. In this latter case, the expression "collateral attack" is defined as including "every proceeding in which the integrity of a judgment is challenged, except those made in the action wherein the judgment is rendered, or by appeal, and except suits brought to obtain decrees declaring judgments to be void *ab initio.*" The same distinction is pointed out more elaborately in the text in 23 Cyc., at page 1065, as follows: "The term 'collateral' as used in this connection is opposed to 'direct.' If an action or proceeding is brought for the very purpose of impeaching or overturning the judgment, it is a direct attack upon it. Such is a motion or other proceeding to vacate, annul, cancel, or set aside the judgment, or any pro-

ceeding to review it in an appellate court, whether by appeal, error, or *certiorari,* or a bill of review, or, under some circumstances, an action to quiet title.   On the other hand, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, then the attack upon the judgment is collateral.   This is the case where the proceeding is founded directly upon the judgment in question, or upon any of its incidents or consequences as a judgment, or where the judgment forms a part of plaintiff's title, or of the evidence by which his claim is supported.''

This action is clearly a direct attack upon the judgment in question; and hence all the proceedings by means of which jurisdiction of the action resulting in the judgment complained of was sought to be conferred upon the district court were properly admitted in evidence.   The respondent assumed the burden of showing that the judgment was void.   She could not accomplish this in any way other than by exhibiting to the court these proceedings, with other evidence, if she had such, thus demonstrating that some of the mandatory requirements of the statute had been omitted, or that any omission to comply with any of them had not been waived.   Under the statute, an appeal is taken from a justice's court to the district court by the dissatisfied party by his filing with the justice his notice of appeal and serving a copy upon the adverse party or his attorney at any time within thirty days after rendition of the judgment.   (Revised Codes, sec. 7121.)   The appeal does not become effective for any purpose, however, unless an undertaking be filed with the justice, in the amount and containing the conditions prescribed.   If within five days the adverse party excepts to the sufficiency of the sureties, then the appellant must, upon notice and within five days, have the sureties, or others in their stead, justify before the justice or the judge of the district court.   If he fails to do this, the appeal must be regarded as if no undertaking had been given.   (Revised Codes, sec. 7124.)   If any of these steps are omitted, the district court is without jurisdiction to entertain

the appeal; for, though such appeals are provided for by the Constitution, they are subject to statutory regulation and the mode prescribed for taking them is exclusive. (Constitution, Art. VIII, sec. 23.)   Until the notice is filed and served as prescribed and the undertaking given, and, if required, the sureties thereon, or others in their stead, justify after notice and within five days, the district court does not acquire jurisdiction of the subject matter or of the parties.

A justice's court is one of inferior and limited jurisdiction, having only such power as is expressly conferred by statute. (Constitution, Art. VIII, sec. 20; *Layton* v. *Trapp,* 20 Mont. 453, 52 Pac. 208.)   Therefore no presumption in favor of a judgment pronounced by it attaches until it affirmatively appears from the proceedings that it had power to render it; that is, jurisdiction over the subject matter and the parties.   (*Layton* v. *Trapp, supra;* 11 Cyc. 693.)   So when the validity of a judgment of a district court, rendered on appeal from a justice's court, is brought in question, the proceedings must show that jurisdiction was acquired in the manner prescribed by the statute, for the appeal can be taken only in the manner prescribed.   (Constitution, Art. VIII, sec. 23.)   As was pointed out in *Burke* v. *Interstate S. & L. Assn., supra,* upon a direct attack upon the judgment of a court of general jurisdiction, except by appeal, the presumption attaches that it had jurisdiction, both of the parties and the subject matter, and in any case the want of jurisdiction must appear affirmatively from the record.   (*Beach* v. *Spokane Ranch & Water Co.,* 25 Mont. 379, 65 Pac. 111.)   The judgment in question here, however, was rendered by a court which *pro hac vice* was of special and limited jurisdiction.   On appeal from a justice's court, the trial is *de novo* (Revised Codes, sec. 7122); but the district court, though proceeding with the trial as in other cases (Revised Codes, sec. 7127), acquires its jurisdiction by appeal under the statute (*State ex rel. Grissom* v. *Justice's Court,* 31 Mont. 258, 78 Pac. 498; *Oppenheimer* v. *Regan,* 32 Mont. 110, 79 Pac. 695; *Galpin* v. *Page,* 18 Wall. 350, 21 L. Ed. 959); and hence its jurisdiction must affirmatively appear.

(*Gunn* v. *Howell*, 27 Ala. 663, 62 Am. Dec. 785; *Cooper* v. *Sunderland*, 3 Iowa, 114, 66 Am. Dec. 52; 11 Cyc. 693; *McCauley* v. *Jones*, 35 Mont. 32, 88 Pac. 572; *State ex rel. Hall* v. *District Court*, 34 Mont. 112, 115 Am. St. Rep. 522, 85 Pac. 872.)   In *State* v. *District Court* and *McCauley* v. *Jones, supra,* it was held that the district court is without jurisdiction to proceed with the trial on an appeal from a justice's court, if it appears that the order of filing and serving the notice of appeal as prescribed by the statute is not observed. The same rule applies, also, with reference to the filing of the undertaking. The filing of the notice and undertaking is necessary to give the district court jurisdiction of the subject matter, and the service of the notice is required to bring the adverse party into court. The notice serves the purpose of a summons. Service of it may be waived by a general appearance of the adverse party and submission to a trial and judgment, just as the service of summons may be waived (*Davidson* v. *O'Donnell*, 41 Mont. 308, 110 Pac. 645); but there can be no waiver as to jurisdiction of the subject matter, for the parties can in no case waive the jurisdiction in this regard or confer it by consent. (*Stimpson Computing Scale Co.* v. *Superior Court*, 12 Cal. App. 536, 107 Pac. 1013; *Coker* v. *Superior Court*, 58 Cal. 177; *McCracken* v. *Superior Court*, 86 Cal. 74, 24 Pac. 845.)

The foregoing discussion is not altogether pertinent to the disposition of this case. We have ventured upon it because, in view of the manner in which the case has been presented by counsel and of the condition of the record before us, we think a new trial should be ordered. The court found that the allegations of paragraphs 8, 9, and 10 of the complaint, touching the filing of the undertaking and the failure of defendant in the case of *Davison* v. *Dougherty* to have his sureties justify, were not true. This finding necessarily implies that all the required steps touching the filing of the undertaking on appeal were observed, and that jurisdiction of the subject matter of the action was regularly obtained. Hence it is evident that the court based its conclusion that the judgment was void upon its finding that the allegations of para-

graph 7 are true. In *Davidson* v. *O'Donnell, supra,* one of the questions decided was whether service of the notice of appeal from the justice's court could be waived. This court said: ''The object to be accomplished by serving a notice of appeal is to apprise the respondent that the appellant has removed the cause to a higher court, and to give the respondent an opportunity to appear and protect himself in the appellate court. Assuming, in this instance, that Davidson filed his notice of appeal, but never served it upon Bailey or his attorney at all, still, if Bailey went into the district court and asked for and was granted leave to file a supplemental complaint, would any court then listen to him to say that he had not been served with the notice of appeal, or that service of the notice had not been made as required by law? The plainest dictates of common sense would say at once that he had waived the service by his general appearance in the district court''—citing cases. So here. By taking part in the trial in the district court and submitting to its judgment, the plaintiff Davison waived the service of the notice and could not thereafter complain that the court was without jurisdiction over her person. Her mortgagee, the respondent in this case, stands in no better position. So far as this feature of the case is concerned, her rights are concluded.

Since this is an equity case, we should be inclined to reverse the decree and direct the action to be dismissed as to the appellant because of this erroneous conclusion of the trial court, if the record were in condition to justify this course. It does not contain a copy of the undertaking filed with the justice and transmitted by him to the clerk of the district court. The date at which it was filed with the justice does not appear. The transcript of the justice recites that exceptions to the sufficiency of the sureties on the undertaking first filed in support of the appeal on January 25, 1899, were filed with him on January 28, and that a second undertaking was filed on February 18, twenty-four days thereafter. If these recitals are true, and no other undertaking was filed in season, the cause was never properly removed to the district court, and it was without jurisdiction to

try it and render the judgment. Inasmuch as the findings on this subject are in favor of the appellant and she does not question them, we cannot determine the correctness of them upon the evidence. We have deemed it safer, therefore, simply to reverse the decree for the reasons stated, and to remand the cause to the district court for a retrial, whereupon the rights of the parties may be adjudged as that court may be advised.

The decree and order are reversed, and the cause is remanded to the district court for a new trial.

*Reversed and remanded.*

Mr Justice Holloway concurs.

Mr. Justice Smith: I am not prepared to fully concur in the result reached by the court in the case of *Power & Bro.* v. *Murphy,* 26 Mont. 387, 68 Pac. 411, cited by the Chief Justice. Otherwise I agree to what is said in the foregoing opinion.